### SAMUEL WESTCOTT *vs.* HENRY NIMS & another.

In an action to recover the price of goods sold, the buyer may show, in reduction of damages, that the goods were not of the quantity or quality alleged.

THIS was an action of assumpsit to recover the balance of an account, amounting to $42·50, and was tried before *Hopkinson*, J., in the court of common pleas.

It appeared, that the plaintiff was a brewer in the city of Albany; that from August 12th, 1844, to August 25th, 1846 he had furnished the defendants, doing business in Worcester, on their written orders, with ale to the amount of $2470·63, at the price of good ale; and that the prices charged were the agreed prices, provided the ale were delivered sound and uninjured. It also appeared, that the defendants had made

payments to the amount of $2430·64, and it was for the balance, with interest, that this action was brought.

The defendants filed an account in set-off, in which, in addition to their payments, they claimed the sum of $90·24, the amount of certain charges for loss on the ale by its bursting or souring; and it appeared, that there was a custom among dealers in ale, that ale should be at the risk of the seller while on its passage, and that all losses by bursting or souring during that time should fall on the seller. It did not appear, that any notice was ever given to the plaintiff of the alleged losses.

The defendants offered evidence tending to show a custom among dealers in ale, for the buyer, in the case supposed, to charge such losses to the seller in general account; and also evidence to prove the nature and amount of the losses charged in the present case. But they contended, further, that if they failed to establish the custom to charge for losses, the evidence as to the nature and amount of the losses was nevertheless competent to go to the jury to show, that the ale sold was so injured or inferior as not to be worth the sum charged for it, or that it was not of the quantity or quality alleged to have been sold to the defendants.

The presiding judge instructed the jury, that if they should not find such a custom, — no notice to the plaintiff of loss or damage being proved, — the defendants could not introduce evidence of the partial loss or deterioration of the ale; and that all such evidence must, in that event, be disregarded by them.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*E. B. Stoddard,* for the defendants, cited Story on Sales, § 405; *Fielder* v. *Starkin,* 1 H. Bl. 17; *Poulton* v. *Lattimore,* 9 B. & C. 259; *Clark* v. *Baker,* 5 Met. 452; *Harrington* v. *Stratton,* 22 Pick. 510; *Miner* v. *Bradley,* 22 Pick. 457, 460; 3 Stark. Ev. 1210, 1239, and cases cited.

*F. H. Dewey,* for the plaintiff, cited *Fisher* v. *Samuda,* 1 Camp. 190; *Hopkins* v. *Appleby,* 1 Stark. R. 477; *Percival* v. *Blake,* 2 Car. & P. 514; *Cash* v. *Giles,* 3 Car. & P. 407;

*Sprague* v. *Blake*, 20 Wend. 61; *Howard* v. *Hoey*, 23 Wend. 350; *Hart* v. *Wright*, 17 Wend. 267; *Reed* v. *Prentiss*, 1 N. H. 174; Chit. Con. 398; 3 Kent, 480.

BY THE COURT. According to the well-established law of this commonwealth, the evidence, which was ruled to be inadmissible, was admissible, and ought to have been passed upon by the jury, independently of the alleged custom.

*New trial granted.*